LEAR, Judge.
Plaintiff, Bertina Mart, was injured in an automobile collision which occurred on May 12, 1979. She instituted this suit against the driver of the other vehicle, Gunnar J. Teilman, and his employer, Schlumberger, Ltd., on May 7,1980. Defendants answered in the form of a general denial on October 13, 1980.
On February 25, 1981, plaintiff’s attorney, Sherman F. Raphael, filed a motion to withdraw as counsel of record; and an order to that effect was signed on the same date. In his motion, Raphael expressly stated that he was withdrawing with full reservation of his rights under Louisiana Revised Statutes 37:218. On March 4,1981, Carl J. Barbier enrolled as plaintiff’s counsel of record.
Trial was held on June 4, 1981. At trial, defendants stipulated to liability and the ease went to trial on the issue of quantum. It was also stipulated that medical records *1206 and reports would be introduced in lieu of medical testimony. Raphael also appeared at trial, and, after assuring the trial court that he had filed an intervention for attorney fees allegedly earned pursuant to his contingency contract with plaintiff, was allowed to testify as to the amount of time he had spent in prosecuting the case. At the close of trial, the matter was taken under advisement.
Subsequently, on August 25, 1981, the trial court filed written “findings of fact and reasons for judgment into the record” in which it awarded damages in the sum of $5,586.50, representing $3,000.00 in general damages and $2,586.50 in special damages. The trial court also found that Raphael was entitled to one-half of the amount of attorney’s fees due under his contract with plaintiff and, accordingly, granted him a “lien and privilege” in the amount of $1,163.53 against all attorney’s fees collected by Bar-bier. Judgment was signed on August 25, 1981; and plaintiff timely appealed therefrom on September 24, 1981.
Plaintiff was injured when the car she was driving was hit from behind and driven into a light pole by a vehicle driven by Teilman. Plaintiff testified that the force of the collision propelled her forward into the steering wheel. She stated that she immediately experienced pain in her neck, head, legs, and back. Plaintiff was rushed to the emergency room of Terrebonne General Hospital, where she was x-rayed, given medication, and released. Two or three days after the accident, plaintiff consulted Dr. Jerry Levine, her family physician, for further treatment of her injuries.
Plaintiff testified that Dr. Levine gave her medication and placed her on a physical therapy program. She stated that she attended the therapy program for about two months. Thereafter, plaintiff returned to see Dr. Levine, still complaining of pain in her back and legs. On that visit, Dr. Levine referred plaintiff to Dr. Richard Landry, an orthopedic specialist.
Dr. Landry’s examination of plaintiff on August 13, 1980, revealed that there was limitation of motion in her cervical spine. Dr. Landry’s examination of plaintiff’s lower back revealed a mild spasm on the left side. X-rays taken at that time showed no gross abnormalities. Dr. Landry diagnosed plaintiff’s injury to be a cervical and lumbar strain with the slight possibility of a pinched nerve in her neck. Dr. Landry advised her to continue to attend physical therapy sessions for two weeks and then return for further examination.
Plaintiff testified that she attended her therapy sessions only two or three times because her mother no longer had her car and she could not find alternate transportation. Plaintiff apparently did not return to Dr. Landry’s office until December of 1980. At that time, she was examined by his partner, Dr. Gary Guidry. As a result of his examination, Dr. Guidry had plaintiff admitted to the hospital.
Dr. Guidry had a lumbar myelogram run on plaintiff while she was in the hospital. According to the medical records introduced into evidence in lieu of testimony, the mye-logram was normal. Plaintiff continued to complain of pain in her back and legs as well as severe headaches.
Shortly after her last stay in the hospital, plaintiff moved from Houma, Louisiana, to New Orleans. Upon the advice of her attorney, she consulted Dr. Bernard L. Ma-nale, an orthopedic surgeon, for further treatment on March 16, 1981. Dr. Manale’s report indicates that plaintiff was complaining of aching and stabbing pain in the lumbosacral region of her body. Plaintiff was also purportedly experiencing radiating pain in her right leg and calf almost to the ankle. She was also complaining of numbness in her right leg and foot. Dr. Manale performed another myelogram upon plaintiff, the results of which were normal. Dr. Manale felt that the negative myelogram helped to rule out severe disease. He did believe, however, that there was a possibility of a ruptured disc, despite the indications to the contrary.
Apparently, plaintiff sought no further medical treatment between her examination by Dr. Manale and the trial date. At trial, she testified that she continued to have pain in her back and legs.
*1207 On appeal, plaintiff contends that’ the trial court’s $3,000.00 award for general damages was clearly inadequate and should be raised to $15,000.00.. We note that before an appellate court can disturb an award of damages made by the trial court, the record must clearly reveal that the trier of fact abused its discretion in making the award. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
As noted earlier, in lieu of medical testimony, plaintiff introduced various medical records and reports at trial. Nowhere in that evidence is it indicated that she sustained a serious injury as a result of the accident. In fact, the most definite diagnosis, the one contained in Dr. Landry’s evaluation of August 13, 1981, indicated that plaintiff had sustained a combined cervical and lumbar strain. Both of the mye-lograms which were run on plaintiff were normal. Undoubtedly, as plaintiff testified, she has suffered a great deal of discomfort as a result of the accident. It does not appear that the record establishes that the trial court’s award is a clear abuse of its discretion. Accordingly, we will decline to increase the award.
Plaintiff also complains that the trial court “granted” a lien and privilege in favor of Mr. Raphael, plaintiff’s former attorney, pursuant to LSA-R.S. 37:218. That statute reads as follows:
“By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.”
We find that Raphael complied with the provisions of LSA-R.S. 37:218 by recording his contract of employment with plaintiff in the suit record. In so doing, a lien and privilege was by law established in his favor.
We construe the trial court’s “granting” Raphael a lien and privilege as merely being a recognition in his favor of the lien and privilege established by LSA-R.S. 37:218. Thus, the trial court’s judgment does nothing more than recognize the fact of an already existing statutory lien and privilege; it clearly does not grant or award Raphael a money judgment. We find no error in the judgment of the trial court in this regard.
For the foregoing reasons, the judgment of the trial court is in all respects hereby affirmed. Costs on appeal are to be paid by plaintiff-appellant, Gunnar J. Teilman III.
AFFIRMED.